UNITED STATES DISTRICT
COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT**<br>**JUDGE** | **101 WEST LOMBARD**<br>**STREET**<br>**BALTIMORE,**<br>**MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812** |

September 28, 2023

LETTER TO COUNSEL

      RE:    *Lauren C. M. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
               Civil No. SAG-23-0220

Dear Counsel:

      On January 26, 2023, Plaintiff Lauren C. M. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits ("DIB"). ECF 1. I have considered the record in this case, the parties' dispositive filings, and Plaintiff's reply. ECFs 7, 8, 9, and 10. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I deny the defendant's motion for summary judgment, reverse the Commissioner's decision, and remand for further proceedings. This letter explains my rationale.

      Plaintiff filed her DIB application under Title II on November 26, 2019, alleging a disability onset date of January 1, 2016. Tr. 97–107. Plaintiff later amended the alleged onset date to July 26, 2016. Tr. 51. Her claim was denied initially and on reconsideration. Tr. 106–07, 123. On March 8, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 39–87. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 20–38. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

      The ALJ found that Plaintiff suffered from the severe impairments of "phlebitis, peripheral vascular disease, lymphedema, May-Thurner syndrome, obesity, and lumbar radiculopathy." Tr. 26. The ALJ next determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR

*Lauren C. M. v. Kijakazi*
Civil No. SAG-23-0220
September 28, 2023
Page 2

Part 404, Subpart P, Appendix 1." *Id.*  Despite Plaintiff's impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can never climb ropes, ladders, and scaffolds; must avoid all exposure to hazards, such as dangerous machinery and unprotected heights; and requires the option to alternate between the sitting and standing positions an average of every 30 minutes as defined at the hearing.

*Id.*  The ALJ determined that Plaintiff was unable to perform past relevant work as an administrative clerk or dessert cook but that she could perform other jobs that existed in significant numbers in the national economy, such as storage facility clerk, office helper, and cashier.  Tr. 31–32.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 32.

Plaintiff raises several arguments on appeal, asserting the ALJ erred by: (1) failing to properly evaluate the medical opinion of Plaintiff's treating provider, Dr. Rosenstock; (2) failing to properly determine Plaintiff's RFC; and (3) failing to properly consider Plaintiff's subjective statements.  ECF 8, at 10–18.[1]  Defendant counters that "the ALJ's decision is consistent with the law and enjoys the modicum of evidentiary support needed on substantial evidence review" and, thus, should be affirmed.  ECF 9, at 2.

Plaintiff's first argument is dispositive.  Plaintiff argues that the ALJ "failed to discuss [Dr. Rosenstock's] supportive explanations" or explain why Dr. Rosenstock's opinions are "insufficient."  ECF 8, at 11.  For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled.  *See* 20 C.F.R. § 416.920c.  An ALJ is required to articulate in each decision the persuasiveness of each medical opinion.  *Id.* § 416.920c(b).  Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions.  *Id.* § 416.920c(b)(2).  Therefore, the ALJ's decision will consider and explain "the supportability and consistency factors for a medical source's medical opinions."  *Id.*  Supportability generally refers to "the objective medical evidence and supporting explanations provided by a medical source."  *Id.* § 416.920c(c)(1).  Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim."  *Id.* § 416.920c(c)(2).  ALJs also consider other factors enumerated in the regulations, and "may, but are not required to," explain that consideration in their decisions.  *Id.* § 416.920c(b)(2).

Here, the ALJ analyzed Dr. Rosenstock's medical opinion by summarizing the doctor's assessments of Plaintiff, in which she opined that Plaintiff could "sustain sitting, standing, and walking in a competitive work environment for less than 1 hour each in a[n] 8-hour workday" and "must elevate the left leg for up to the entire day," among other limitations.  Tr. 30.  The ALJ then found that Dr. Rosenstock's medical opinion was "unpersuasive."  *Id.*  The ALJ based this finding

---

[1] Page numbers cited refer to the ECF-generated page numbers at the top of each page.

upon the fact that the doctor's assessments were "inconsistent with the medical evidence showing that the claimant has not suffered any recent clotting events and retains effective use of the lower extremities" and that Dr. Rosenstock listed substantially different durations for Plaintiff's limitations on two assessments.  *Id.*

These observations, however, pertain only to the analysis of the consistency factor; they do not address the supportability factor by considering the "objective medical evidence and supporting explanations" on which Dr. Rosenstock based her opinion.  20 C.F.R. § 416.920c(c)(1). "Strictly speaking, 'supportability' concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence."  *Reusel v. Comm'r of Soc. Sec.*, Civ. No. 20-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citations omitted); *see also Mary W. v. Comm'r of Soc. Sec.*, Civ. No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022) ("For the ALJ to have adequately discussed the supportability of . . . opinions, the ALJ needed to evaluate what the [physicians] said they based their opinions on—not simply how their opinions compared to the record evidence as a whole, which only goes to . . . consistency[.]"), *report and recommendation adopted sub nom. Wiseman v. Comm'r of Soc. Sec.*, Civ. No. 20-5523, 2022 WL 394627 (S.D. Ohio Feb. 9, 2022).

The ALJ's statement regarding the inconsistency between Dr. Rosenstock's assessments and the records regarding Plaintiff's use of her lower extremities and lack of recent clotting events does not provide the required supportability analysis.  *See* Tr. 30.  The reports the ALJ analyzes from Dr. Rosenstock do not indicate that the doctor's conclusions are based upon Plaintiff's blood clots or an inability to use her lower body.  Tr. 466–70, 642–48.  Instead, Dr. Rosenstock discusses swelling, pain, and reaching restrictions.  Tr. 467–69; Tr. 643–45.  By citing only to notes about other symptoms, the ALJ provides no analysis of Dr. Rosenstock's reasons for believing swelling, pain, and an inability to reach would impact Plaintiff's ability to work.

The ALJ's comparison between two of the doctor's reports reflecting different durations for Plaintiff's limitations also does not bear on the supportability factor analysis.  *See* Tr. 30*; see also Carlos F.*, 2023 WL 3293086, at *4 (finding that observation of inconsistency between two reports from the same source does not adequately address the question of supportability).  In comparing Dr. Rosenstock's reports, the ALJ "shed[] no light on whether the explanations and evidence provided by [Dr. Rosenstock in her] medical source statement supported the statement's conclusions."  *Id.*  And the "duration" question posed in Dr. Rosenstock's questionnaires is worded in a confusing fashion and leaves no room for explanation in a circumstance, for instance, where a longtime patient may have symptoms that developed at one point and work restrictions that developed at a later date or progressed over time.  *See* Tr. 470, 646.  The apparently discrepant dates inserted in those questions, therefore, does not provide substantial evidence to discount Dr. Rosenstock's opinions.

Ultimately, nowhere in the opinion does the ALJ consider the "diagnostic techniques, data collection procedures/analysis, [or] other objective medical evidence" upon which Dr. Rosenstock purports to base her medical opinion.  *Reusel*, 2021 WL 1697919, at *7 n.6.  Therefore, this

*Lauren C. M. v. Kijakazi*
Civil No. SAG-23-0220
September 28, 2023
Page 4

analysis does not adequately assess the supportability of Dr. Rosenstock's opinion.[2]  Because the ALJ failed to adequately explain the supportability of Dr. Rosenstock's medical opinion, I am unable to determine whether the ALJ's conclusion is supported by substantial evidence. Accordingly, remand is warranted.

Because this case is being remanded on other grounds, I need not address Plaintiff's remaining arguments.  On remand, the ALJ can, and should, consider these arguments and make any required adjustments to the opinion.  In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff was not entitled to benefits is correct.

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis.  Pursuant to sentence four of 42 U.S.C. § 405(g), the case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

---

[2] Defendant attempts to remedy this deficiency by claiming that the ALJ found the doctor's opinion "unpersuasive because Dr. Rosenstock offered only conclusory statements without supportive references to clinical findings," but no such analysis appears within the ALJ's opinion.  *See* ECF 9, at 8.  This post hoc explanation does not cure the ALJ's lack of analysis of the supportability factor.  *See Bates v. Berryhill*, 726 F. App'x 959, 960 (4th Cir. 2018) (citing *Patterson v. Bowen*, 839 F.2d 221, 225 n.l (4th Cir. 1988)) (finding that SSA could not remedy defect present in ALJ opinion by offering justifications during review of the case when ALJ opinion did not contain those justifications).